IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DR. MY HANG HUYNH,

       Plaintiff,

vs.                                               Civ. No. 10-276 JH/RHS

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON,

       Defendant.

**ORDER GRANTING IN PART AND DENYING IN PART**
**<u>PLAINTIFF'S MOTION TO COMPEL</u>**

THIS MATTER comes before the Court on Plaintiff's Motion to Compel Discovery and

Memorandum in Support ("Motion to Compel"), filed October 1, 2010 **[Doc. 30]**.  Having

considered the parties' briefing, the relevant authorities and being otherwise advised in the

premises, the Court concludes that Plaintiff's Motion to Compel is well-taken in part and will be

granted in part.

*Background*

Plaintiff Huynh filed this action in the First Judicial District Court of the State of New

Mexico.  On March 25, 2010, Defendant removed the case to this Court.  (<u>See</u> Defendant's

Notice of Removal **[Doc. 1]**).  Plaintiff is seeking relief under the Employee Retirement Income

Security Act ("ERISA"), 29 U.S.C. § 1101 *et seq*, following Defendant Liberty Life Assurance

Company of Boston's ("Liberty's") denial of her claim for long term disability benefits.

"ERISA was enacted to promote the interests of employees and their beneficiaries in employee

benefit plans."  <u>Firestone Tire & Rubber Co. v. Bruch</u>, 489 U.S. 101, 113 (1989).  ERISA

provides plan beneficiaries the right to federal court review of benefit denials and terminations

under ERISA.  See § 1132(a)(1)(B).

In the instant motion, "Plaintiff requests that the Court compel Defendant Liberty to respond to the discovery requests, attached as Exhibits 2 and 3, and permit at least 10 depositions of the relevant administrators, reviewing physicians and consultants employed by Defendant in bad faith attempts to discredit Plaintiff and generate evidence to undermine her legitimate claim for benefits."  (Motion to Compel at 12).  Plaintiff contends that the discovery she seeks is "relevant to bias, conflict of interest and administrative policies and procedures that is not contained in the administrative record."  (Motion to Compel at 11).  In its response, Defendant apparently argues that the discovery sought is irrelevant and/or is already available to Plaintiff.  Defendant also contends that Plaintiff's discovery requests are overly broad, unduly burdensome and seek information that is confidential and/or sensitive in nature.

*Standard*

In ERISA cases, "our case law prohibits courts from considering materials outside the administrative record where the extra-record materials sought to be introduced relate to a claimant's eligibility for benefits."  Murphy v. Deloitte & Touche Group Ins. Plan, - - - F.3d - - -, 2010 WL 3489673 at *7 (10th Cir. 2010) (citation omitted).  Nevertheless, "this general restriction does not conclusively prohibit a district court from considering extra-record materials related to an administrator's dual role conflict of interest."[1]  Murphy, - - - F.3d at - - -, 2010 WL 3489673 at *7.  This Court "must apply Federal Rule of Civil Procedure 26(b) to discovery requests seeking information related to a dual role conflict of interest."  Murphy, - - - F.3d at - - - , 2010 WL 3489673 at *8.  However, the Tenth Circuit "emphasize[d] that neither a claimant nor

_____

[1]The parties do not disagree that, in denying Plaintiff Huynh's claim for benefits, Defendant Liberty operated under a "dual role conflict of interest."

an administrator should be allowed to use discovery to engage in unnecessarily broad discovery that slows the efficient resolution of an ERISA claim." Id.

The Tenth Circuit explains that, in evaluating discovery requests under Rule 26(b), "district courts will often need to account for several factors that will militate against broad discovery." Murphy, - - - F.3d at - - -, 2010 WL 3489673 at *9. "First, while a district court must always bear in mind that ERISA seeks a fair and informed resolution of claims, ERISA also seeks to ensure a speedy, inexpensive, and efficient resolution of those claims." Id. (citation omitted). Moreover, the party seeking extra-record discovery "bears the burden of showing its propriety." Id. (citation omitted). "Second, in determining whether a discovery request is overly costly or burdensome in light of its benefits, the district court will need to consider the necessity of discovery." Id. (citation omitted). These considerations "are simply some factors a district court may include in its calculus when addressing a discovery request in an ERISA case." Murphy, - - - F.3d at - - -, 2010 WL 3489673 at *10.

*Discussion*

The Court has considered Plaintiff's request for discovery and the parties' arguments and briefing in light of the standard and factors set forth above. Having done so, the Court finds that Plaintiff has met her burden of showing the propriety of extra-record discovery in this case. The Court concludes that Plaintiff's written discovery, set forth in exhibits 2 and 3 attached to the Motion to Compel, is appropriate in order to allow her to determine and present evidence on the seriousness of the inherent conflict and the likelihood that it jeopardized Liberty's decisionmaking process in her case. Accordingly, Plaintiff will be permitted to serve her interrogatories and requests for production on Defendant and Defendant will be directed to respond to Plaintiff's written discovery.

3

However, the Court finds that Plaintiff's request to conduct ten depositions is excessive and not in keeping with the principle that ERISA cases should be decided efficiently and expeditiously.  Moreover, it appears that much of the information Plaintiff seeks may be obtained through written discovery.  Accordingly, the Court will deny Plaintiff's request to take ten depositions.  Rather, Plaintiff will be permitted to take two depositions, each deposition to be limited to six hours.

WHEREFORE,

IT IS ORDERED that Plaintiff's Motion to Compel Discovery and Memorandum in Support **[Doc. 30]** is **granted in part** and **denied in part** as set forth in this order.

ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE

4